## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RHONDA KABIR,**                                        **CASE NO.:**

     **Plaintiff,**

**vs.**

**1000 ISB, LLC d/b/a STEAK 'N SHAKE**
**and/or STEAK N SHAKE INC., a**
**foreign profit corporation**

     **Defendants.**

_____/

## NOTICE OF REMOVAL
## AND INCORPORATED MEMORANDUM OF LAW

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant STEAK N

SHAKE, INC. gives notice of removal to this Court of the action styled *Rhonda*

*Kabir v. 1000 ISB, LLC d/b/a Steak 'n Shake and/or Steak n Shake Inc. a foreign profit*

*corporation*, Case No. 2021-CA-030198, filed in the Seventh Judicial Circuit Court,

in and for Volusia County, Florida.[1] This Court has original subject-matter

jurisdiction over this civil action under 28 U.S.C. §§ 1332 and 1441 because there is

complete diversity among the parties in interest and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

---

[1] By removing this case to this Court, Defendant does not waive any defenses, objections, or
motions available under state or federal law, including any defenses available under Federal Rule
of Civil Procedure 12(b). Defendant expressly reserves the right to move for dismissal of some or
all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction,
insufficient or improper service of process, improper venue, or forum non conveniens.

## I.  THE STATE COURT ACTION

1.  On or about February 11, 2021, Plaintiff Rhonda Kabir, a citizen of the state of New York, filed a case styled *Rhonda Kabir v. 1000 ISB, LLC d/b/a Steak 'n Shake*, Case No. 20-CA-002908, in the Seventh Judicial Circuit Court, in and for Volusia County, Florida. The Complaint named one defendant, "1000 ISB, LLC d/b/a Steak 'n Shake" (hereinafter "1000 ISB, LLC").[2]

2.  In the Complaint, Plaintiff alleges that she slipped and fell on a transitory substance that was on the floor of the Steak n Shake, Inc. restaurant located at 1000 W. International Speedway Boulevard, Daytona Beach, Florida 32114.

3.  On March 24, 2021, 1000 ISB, LLC, filed a Motion to Dismiss the Complaint because, as a landowner who has relinquished control and possession of the subject premises, it cannot be held liable for Plaintiff's alleged slip and fall.

4.  On June 4, 2021, Plaintiff filed a Motion for Leave to Amend the Complaint; however, instead of dismissing 1000 ISB, LLC, she added a cause of action and a second defendant, Steak n Shake, Inc.

5.  Steak n Shake, Inc. is an Indiana corporation whose principal place of business is in Indianapolis, Indiana.

6.  On June 7, 2021, an Order allowing the Amended Complaint was entered.

---

[2] Plaintiff's Complaint erroneously indicates that 1000 ISB, LLC, operates under the name "Steak 'n Shake" when, in fact, Steak n Shake, Inc. is a completely distinct and separate entity from 1000 ISB, LLC, the landlord.

7.     On June 25, 2021, Defendant 1000 ISB, LLC, filed a Motion to Dismiss Count I of the Amended Complaint again alleging that, as a passive landowner, they are not an appropriate party to the suit.

8.     On June 28, 2021, the undersigned accepted service of the Amended Complaint on behalf of the new Defendant, Steak n Shake, Inc.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9.     Removal is proper under 28 U.S.C. §§ 1332 because (1) there is complete diversity of citizenship between Plaintiff and this Defendant and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.

10.    An action shall be removable on the grounds of diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

### A.    The Amount-In-Controversy Requirement Is Satisfied.

11.    Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of costs and interest.[3] "[W]hen a defendant seeks federal-court

---

[3] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).

12.     If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The defendant must prove only that the amount in controversy "more likely than not" exceeds the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). It need not prove the amount in controversy "beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

13.     Here, Plaintiff demands a judgment in excess of $30,000 in damages in her Complaint. Compl. ¶ 1. However, the nature of the allegations in the Complaint establishes that the amount in controversy exceeds $75,000, exclusive of costs and interest.

14.     Plaintiff asserts two causes of action sounding in negligence against defendants. Compl. ¶¶ 8-19. She alleges that she "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition." Compl. ¶ 19. Additionally, she claims that she

has "sustained permanent injuries within a reasonable degree of medical probability." Compl. ¶ 19.

15.     It is widely recognized that personal injury claims similar to those raised by Plaintiff here facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding the amount in controversy was satisfied in a slip and fall case where the plaintiff alleged (1) physical injuries, (2) loss of wages and earning capacity, and (3) permanent disability and disfigurement); *Boudreaux v. Daimler Chrysler Corp.*, No. Civ. A. 00-2054, 2001 WL 290157, at *3 (E.D. La. Mar. 22, 2001) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff sought compensation for medical expenses, pain and suffering, mental anguish, and lost wages).

16.     In short, considering the nature of the injuries Plaintiff alleges, it is facially evident that the amount-in-controversy requirement is satisfied here.[4]

**B.     Complete Diversity of Citizenship Exists Between the Properly Joined Parties.**

17.     Plaintiff Rhonda Kabir is and, at times material hereto, was a citizen of Monroe County, New York. Compl. ¶ 2.

18.     Defendant Steak n Shake, Inc. is, and was at the time of filing this action, an Indiana Corporation with its principal place of business in the state of Indiana.

---

[4] In the event Defendant's amount-in-controversy allegations are challenged by Plaintiff, this Court must give Defendant an opportunity to present evidence supporting its position regarding the amount in controversy. *See Owens*, 135 S. Ct. at 553-54.

19.     Defendant 1000 ISB, LLC, is, and was at the time of the filing of this action, a Florida corporation existing under the laws of the state of Florida with its principal place of business in the state of Florida. See Compl. ¶ 3.  Although 1000 ISB, LLC, is therefore a citizen of Florida for purposes of federal diversity jurisdiction, as set forth below, it must not be considered in the removal analysis because it was fraudulently joined.

20.     Accordingly, there is complete diversity of citizenship between Plaintiff and the only properly joined party, Steak n Shake, Inc.

> **i.     Defendant 1000 ISB, LLC, should not be considered for diversity jurisdiction purposes because it was fraudulently joined.**

21.     A caveat to the requirement of complete diversity is "that 'nominal or formal parties, unknown defendants and defendants fraudulently joined may be disregarded' in determining the removing defendants' compliance with § 1446(a)." *Woods v. Firestone Tire & Rubber Co.,* 560 F. Supp. 588, 590 (S.D. Fla. 1983) (quoting *McKinney v. Rodney C. Hunt Co.,* 464 F. Supp. 59, 62 (W.D.N.C. 1978). A defendant has been fraudulently joined "[i]f there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendant[] under the facts alleged ...." *Id.* at 591 (quoting *Tedder v. F.M C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979)).

22.     Defendant 1000 ISB, LLC has been fraudulently joined in this action because there is no arguably reasonable basis for predicting that Florida law might impose liability on 1000 ISB, LLC under the facts alleged; Plaintiff cannot

reasonably allege a claim against 1000 ISB, LLC given the limited duty imposed upon landlords under Florida law.

23.     Under the common law doctrine of "caveat lessee," once a landlord delivers possession and control of the leased premises, including the plumbing, drains, and appliances for heating, lighting, and power to the tenant, the landlord is not liable for injury to the property or person of the tenant or those on the premises with the permission of the tenant, even though such injuries are attributable to defects in such apparatus, appliances, or fixtures.

24.     Plaintiff's Amended Complaint fails to state a cause of action against 1000 ISB, LLC; a Motion to Dismiss is currently pending on this issue. Because there is no reasonable basis to find 1000 ISB, LLC, liable for Plaintiff's injuries, 1000 ISB, LLC should be disregarded for purposes of determining federal diversity jurisdiction.

25.     At the time of the filing of her Amended Complaint and the filing of this Notice of Removal, Plaintiff was a citizen of the state of New York. Compl. ¶ 2.

26.     For the purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Steak n Shake, Inc. is a citizen of the state of Indiana because it is incorporated in Indiana and has its principal place of business in Indiana.

27.     Because no Defendant with any real interest in the outcome of this litigation is a citizen of the state of Florida or the same state as Plaintiff (New York), complete diversity exists under 28 U.S.C. §§ 1332(a)(1) and 1441(b)(2).

## III.   DEFENDANT HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

28.   Defendant Steak n Shake, Inc. was not a party in the original Complaint.

29.   Defendant Steak n Shake, Inc. received a copy of the Amended Complaint and waived service of process on June 28, 2021.

30.   Therefore, this removal is timely under 28 U.S.C. § 1446(b)(2)(B) because it was filed within 30 days of Steak n Shake, Inc.'s receipt of the initial pleading in this action. *See Blair v. Philips Electronics N. America Corp.*, 2017 WL 565075, at *1 (M.D. Fla. Feb. 13, 2017) ("The timeline [for removal] is not triggered until the defendant (or an agent) has been formally served or has waived service.").

31.   The Seventh Judicial Circuit Court, in and for Volusia County, Florida, is located in the Middle District of Florida, *see* 28 U.S.C. § 89(b), and venue for this case is proper in this Court under 28 U.S.C. § 1441(a) because the Middle District of Florida embraces the place in which the removed action was pending.

32.   In accordance with 28 U.S.C. § 1446(d), Defendant has provided the docket sheet and all process, pleadings, orders, and other papers on file in the state court action.

33.   Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel and filed with the Clerk of the Seventh Judicial Circuit Court in and for Volusia County, Florida, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant STEAK N SHAKE, INC. requests this action be removed from the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, to this Honorable Court and respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I HEREBY CERTIFY** that on July 16, 2021, the foregoing was electronically filed with clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Brandon Hughes, Esq., bhughes@farahandfarah.com, mhill@farahandfarah.com, 10 West Adams St., 2nd Floor, Jacksonville, FL 32202.

*/s/ Terry E. Leach*
TERRY E. LEACH, ESQ.
Florida Bar No. 112987
Walker, Revels, Greninger & Netcher, PLLC
189 S. Orange Avenue, Suite 1830
Orlando, FL 32801
Tel: 407-789-1830     Fax: 321-251-2990
tleach@wrgn-law.com
dvelleu@wrgn-law.com
Attorneys for Defendant Steak n Shake, Inc.
